UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BEVERLY WIGGINTON, *et al.*, ) | |
| Plaintiffs, ) | |
| ) | No. 23 CV 50030 |
| v. ) | Judge Iain D. Johnston |
| ) | |
| BELVIDERE POLICE DEPARTMENT, *et al.*, ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Beverly Wigginton alleges that the Belvidere police department has banned her and others from its Facebook page as part of a policy of keeping critical posts out of public view. She sues the police department, its chief, the mayor, and the police department's Facebook administrator for violating the First Amendment, for which she seeks injunctive relief and damages. She brings the claim *pro se* in her own name and on behalf of (1) her minor child, (2) NGO Publications, which she alleges is a social media platform founded by her minor child, and (3) similarly-situated persons who have also been banned from the Belvidere police department's Facebook page.

Ms. Wigginton seeks to proceed in forma pauperis under 28 U.S.C. § 1915. Under § 1915(e)(2), the Court must screen the plaintiff's complaint and dismiss any part that fails to state a claim on which relief may be granted. Ms. Wigginton cannot represent others *pro se*. *See*, *e.g.*, *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (non-attorney parent cannot bring suit on behalf of a minor child without counsel); *Garrick v. Moody Bible Institute*, 494 F. Supp. 3d 570, 580 (N.D. Ill. 2020) (*pro se* litigant cannot represent a putative class). Therefore, the claims by all plaintiffs other than her are dismissed. The Belvidere police department is not a suable entity, but rather is a department of the City of Belvidere, and so it is dismissed. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Under 28 U.S.C. § 1983, a supervisor is liable only for his or her own conduct rather than under *respondeat superior*. *See Doyle v. Camelot Care Cntrs.*, 305 F.3d 603, 614-15 (7th Cir. 2002). Because the allegations do not plausibly suggest any individual conduct by police chief Woody, he is dismissed. Finally, because the allegations do not plausibly suggest any individual conduct by mayor Morris, any claims brought against him individually are dismissed, though he remains as a defendant in his official capacity as the representative of the City of Belvidere. All dismissals are without prejudice, except the dismissal of the Belvidere police department is with prejudice.

The case shall proceed against deputy chief Wallace in his individual capacity and mayor Morris in his official capacity. The motion to proceed in forma pauperis [3] is granted and the plaintiff is excused from paying the filing fee. Ms. Wigginton is advised that the Northern

District of Illinois' website has information she may find useful on its webpage entitled "Information for People without Lawyers."

Date: January 23, 2023　　　　By: _____
　　　　　　　　　　　　　　　　　　Iain D. Johnston
　　　　　　　　　　　　　　　　　　United States District Judge